

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00286-CR
_____

SAMMY VIDALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2012-436,579; Honorable John J. McClendon III, Presiding

October 28, 2014

## ORDER TO REBRIEF ISSUES

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Sammy Vidales, was convicted by a jury of evading arrest or detention with a vehicle,[1] enhanced by two prior felony convictions, and sentenced to sixty-two years confinement. By three issues, Appellant contends (1) his initial detention was not lawful because there were no specific and articulable facts supporting reasonable suspicion to detain him, (2) his trial counsel was ineffective and (3) error in the jury

---

[1] TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2014). Effective September 1, 2011, the offense of evading arrest with a vehicle is a third degree felony. *See* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Gen. Laws 2321, 2322.

charge failed to instruct the jury on unanimity of the verdict regarding what he perceived to be two separate evading arrest offenses allegedly committed on the same date. The State responded to Appellant's briefing and the case was submitted to this Court on the briefs.

In our review of the record in this case, we have discovered a previously unassigned, potentially meritorious issue concerning the legality of the sentence imposed. Specifically, the *Charge of the Court on Punishment* describes two prior felony convictions, each of which became "final prior to the commission of the offense of which you have just found [Appellant] guilty," i.e., the offense of evading arrest; however, it does not submit to the jury the question as to whether "the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014). Accordingly, a question exists as to the appropriate range of punishment: (1) two to twenty years pursuant to § 12.42(a) or (2) twenty-five to ninety-nine years pursuant to § 12.42(d).

In the interest of justice, and out of an abundance of fairness to all parties, this Court hereby assigns this issue as potential error and directs both parties to file additional briefing. Appellant is granted thirty days from the date of this order to file a supplemental brief and the State is granted thirty days from the date Appellant's supplemental brief is filed to file a reply brief.

Per Curiam

Do not publish.